IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GREGORY WAYNE SMITH )
    Plaintiff )
 )
VERSUS )
 )
 )
THE STATE OF MISSOURI/CONSUMER )
PROTECTION DIVISION )
    Defendant )
 )

22-cv-378-DGK

## COMPLAINT

TO THE HONORABLE DISTRICT COURT:

(1) The plaintiff in this case is Mr. Gregory W. Smith, a citizen of the State of Missouri and mailing address is 12310 3rd St., Apt.2 – Grandview, MO, 64030.

(2) The defendant in this case is Mr. Eric Schmitt, Missouri's Attorney General and mailing address is P.O. Box 899 – Jefferson City, MO, 65102.

(3) The Honorable Court has jurisdiction over the civil action because the plaintiff's claim arises under the Federal statute, (42 U.S.C. s/s 1320d-5) – General Penalty For Failure To Comply With Requirements And Standards.

(4) Before this Court, is a case filed under (42 U.S.C. s/s 1320d-5) – General Penalty For Failure To Comply With Requirements And Standards. (a) General Penalty (1) In General. Except as provided in subsection (b) of this section, the Secretary shall impose on any person who violates a provision of this part – (C) In the case of a violation of such provision in which it is established

1

that the violation was due to willful neglect – (ii) If the violation is not corrected as described in such subsection, a penalty in an amount that is at least the amount described in paragraph (3)(D). In determining the amount of a penalty under this section for a violation, the Secretary shall base such determination on the nature and extent of the violation and the nature and extent of the harm resulting from such violation. (3) Reduction. In the case of a failure to comply which is due to reasonable cause and not willful neglect, any penalty under subsection (a) and any damages under subsection (d) that is not entirely waived under paragraph (3) may be waived to the extent that the payment of such penalty would be excessive relative to the compliance failure involved. (c) Noncompliance Due To Willful Neglect. (1) In General. A violation of a provision of this part due to willful neglect is a violation for which the Secretary is required to impose a penalty under subsection (a)(1). (2) Required Investigation. For the purpose of paragraph (1), the Secretary shall formally investigate any complaint of a violation of a provision of this part if a preliminary investigation of the facts of the complaint indicate such a possible violation due to willful neglect. (d) Enforcement By State Attorneys General. (1) Civil Action. Except as provided in subsection (b), in any case in which the Attorney General of a State has reason to believe that an interest of one or more residents of that State has been or is threatened or adversely affected by any person who violates a provision of this part, the Attorney General of the State, as parens patriae, may bring a civil action on behalf of such residents of the State in a District Court of the United States of appropriate jurisdiction – (A) to enjoin further such violation by the defendant; or (B) to obtain damages on behalf of such residents of the State, in an amount determined under paragraph (2). The plaintiff is in accordance with 28 U.S.C. s/s 2675(a), the exhaustion of all administrative remedies, when a Letter of Intent was drafted and delivered on May 04, 2022 and for the sole purpose for suing the defendant. Basically, the

2

defendant had thirty (30) days to respond, which in turned, expired on June 03, 2022. So, on June 12, 2018, February 07th and 20th, May 13th, June 20th, and August 08th of 2019, the plaintiff petitioned the Administrative Office of the U.S. Courts at Washington, D.C., because of the reporting of all frivolous, uneducated Federal judges in the Western District of Missouri – Western Division at Kansas City, MO. Basically, there are no reputable (sensible) Federal judges in the Western District of Missouri – Western Division to hear this or any other subject matter at any given moment. So, the Court should consider the Motion to Transfer, so that 28 U.S.C. s/s 1915(a)(1) – Proceedings In Forma Pauperis, can be administered in the near future.

(5) When the plaintiff, Mr. Gregory W. Smith, petitioned the defendant, The Missouri Attorney General's Office, with a Letter to Prosecute on October 04, 2021, regarding the subject matter of Smith v. The State of Missouri/Consumer Protection Division (4:21-CV-00714-RK), expectations were and still high for justice to be administered in a timely fashion. Unfortunately, the defendant demonstrated a "devil-may-care" (reckless) approach after the plaintiff requested Disciplinary Action(s) against a Jackson County, MO Circuit Judge, Justine E. Del Muro (Date of Birth: April 03, 1965), for not rendering a judgment on a Motion to Dismiss, regarding the subject matter of Smith v. The City of Grandview (2116-CV-11651), which was filed on June 30, 2021. (Also, the plaintiff requested that the defendant, Mr. Joe S. Gall, Grandview's City Attorney, respond with a meritless Motion to Dismiss, in order, to prevent further liability of the case). So, according to the Missouri Revised Statute (RSMo) 55.25 – Time of Pleading – (b) Answer to Cross-Claim and Reply to Counterclaim and Other Replies – When Filed. – "A reply shall be filed within thirty (30) days after the filing of the pleading to which it is directed." Basically, the embattled Jackson County, MO Circuit Judge had until July 31, 2021, to render a

3

judgment, but failed, again, to prevent further liability in the case, which in turned, made the Jackson County, MO Courthouse liable for the <u>ongoing</u> utility theft of electricity. Also, the defendant's failure to act as parens patriae (lead counsel), is still causing the <u>ongoing</u> utility theft of electricity, to persist at this time.

(6) Secondly, the defendant's "devil-may-care" approaches, brought interesting points to the forefront, regarding a postdated Letter of Intent from May 04, 2022. Basically, the plaintiff accused the defendant for Obstructing Justice, according to 42 U.S.C. s/s 1985(2), because of <u>possible</u> criminalization, including a partial education by the defendant, Mr. Eric D. Schmitt (Date of Birth: April 04, 1967), at that time. Again, the suspicion came when the State of Missouri was sued every year since 2017. So, criminal and educational background checks should be conducted, in order, to rule-out coercion (restraint) and/or conspiracy by the defendant. Basically, further action is warranted and an Exit Strategy needs to be implemented, so that further embarrassment can cease (stop) with these annual suings, which is plaguing the Court.

(7) Lastly, the defendant's "devil-may-care" approaches caused two (2) counts of negligence to unfold as parens patriae. Again, the atrocious and neglectful actions of the defendant, brought even more shady (dishonest) business practices to the forefront. Basically, the defendant's shady business practices were and still obvious and needs to be dealt with as time dictates the outcome. So, the plaintiff is asking this Court to (1) acknowledge the Motion to Transfer to the Eastern District of Missouri – Eastern Division at St. Louis, MO because of the reporting of all frivolous, uneducated Federal judges in the Western District of Missouri – Western Division, Kansas City, on June 12, 2018, February 07th and 20th, May 13th, June 20th, and August 08th of 2019, to the Administrative Office of the U.S. Courts at Washington, D.C. (2) Finally, award the plaintiff

4

$3 million and/or judgment, according to the Awarding Guidelines/Standards, plus Court costs and any other applicable fees because of the defendant's "devil-may-care" approach towards the issue for failing to act as parens patriae, regarding the ignoring of the Letter to Prosecute.

## CONCLUSION

Hopefully, the Court will take into all aforesaid reasons that the plaintiff, Mr. Gregory W. Smith, respectfully submits that the Court would grant the Motion to Transfer pursuant to 28 U.S.C. s/s 1404(a)(b), so that justice can be administered to the above-captioned Complaint under 42 U.S.C. s/s 1320d-5 in the foreseeable future.

Respectfully submitted,

*Mr. Gregory W. Smith*
Mr. Gregory W. Smith
12310 3rd St., Apt.2
Grandview, MO, 64030
(Number On Record)

5